IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR BREVARD COUNTY,
FLORIDA.

CASE NO.: 05-2011-CA-47219-XXXX-XX

MICHAEL RALPH and PAULA RALPH,
Individually and as husband and wife, and
BRANDON RALPH,

      Plaintiffs,

vs.

WALGREEN, CO., a foreign corporation,
MICHELLE LEWIS, pharmacy technician,
RIGOBERTO A. QUIZON, pharmacist,
CAPE CANAVERAL HOSPITAL, INC.;
RALPH P. PAGE, M.D. and RALPH P.
PAGE, M.D., P.A.,

      Defendants.
_____/

### AMENDED COMPLAINT

COME NOW, the Plaintiffs, MICHAEL RALPH and PAULA RALPH, Individually

and as husband and wife, and BRANDON RALPH, and sue the Defendants,

WALGREEN CO., (hereinafter referred to as "WALGREENS"), a foreign corporation;

MICHELLE LEWIS pharmacy technician, (hereinafter referred to as "LEWIS");

RIGOBERTO QUIZON, pharmacist, (hereinafter referred to as "QUIZON"), CAPE

CANAVERAL HOSPITAL, INC. (hereinafter referred to as "CAPE CANAVERAL"),

RALPH P. PAGE, M.D (hereinafter referred to as "PAGE"), and RALPH P. PAGE, M.D.,

P.A. (hereinafter referred to as "PAGE, M.D., P.A.") and allege:

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 2

## GENERAL ALLEGATIONS

1.     This is an action for personal injuries arising from WALGREENS and its employees, agents, and apparent agents, including but not limited to Defendants, MICHELLE LEWIS and RIGOBERTO QUIZON's failure to properly fill and verify a doctor's prescription resulting in damages exceeding the jurisdictional limits of this Court.

2.     This is also an arising from medical negligence which is being brought pursuant to Chapters §766 and §768, Florida Statutes, and Florida Rule of Civil Procedure 1.650, for damages exceeding Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs.

3.     Plaintiffs, MICHAEL RALPH and PAULA RALPH, are residents of Merritt Island, Brevard County, Florida.

4.     Plaintiff, BRANDON RALPH, is a resident of Merritt Island, Brevard County, Florida, and a dependent child of the Plaintiffs, MICHAEL RALPH and PAULA RALPH.

5.     Defendant, WALGREENS, is a foreign corporation who has stores and does business in Brevard County, Florida.

6.     At all times material hereto, Defendant, WALGREENS, employed Defendants, MICHELLE LEWIS and RIGOBERTO QUIZON, and are vicariously responsible for the negligence of them as well as the negligence of all other employees, agents, and apparent agents.

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.:  05-2011-CA-47219-XXXX-XX
Page 3

7.  Defendant, MICHELLE LEWIS is a resident of Raeford, North Carolina.

8.  Defendant, RIGOBERTO QUIZON is a resident of Hope Mills, North Carolina.

9.  At all times material hereto, Defendants, MICHELLE LEWIS and RIGOBERTO QUIZON, were working within the course and scope of their employment and/or agency with the Defendant, WALGREEN CO.

10.  At all times material hereto, Defendant, CAPE CANAVERAL HOSPITAL, INC. was and is a Florida non profit Corporation authorized to do business in the State of Florida, and in Brevard County, Florida.

11.  At all times material hereto, Defendant, CAPE CANAVERAL HOSPITAL, INC. was a Florida Corporation duly licensed, organized and existing under the laws of the State of Florida, and operated a medical facility providing medical and health care services in Brevard County, Florida.

12.  At all times material hereto, Defendant, CAPE CANAVERAL HOSPITAL, INC. acted individually and by and through its agents, apparent agents, servants, and/or employees, including but not limited to the Defendant, RALPH P. PAGE, M.D., who was acting within the course and scope of his agency, apparent agency and/or employment in furtherance of Defendant, CAPE CANAVERAL HOSPITAL, INC.

13.  At all times material hereto, Defendant, RALPH P. PAGE, M.D., was a duly licensed internal medicine physician engaged in the practice of medicine in Brevard County, Florida.

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.  05-2011-CA-47219-XXXX-XX
Page 4

14.    At all times material hereto, Defendant, RALPH P. PAGE, M.D. held himself out to the public as being well-qualified in the field of internal medicine, and further held himself out to the public and possessing the same level of skill and expertise in the field of internal medicine as any other well-qualified physician practicing in Brevard County, Florida, or any other similar medical community.

15.  ·  At all times material hereto, Defendant, RALPH P. PAGE, M.D., P.A. was and is a Florida Professional Association authorized to do business in the State of Florida, and in Brevard County, Florida.

16.    At all times material hereto, Defendant, RALPH P. PAGE, M.D., P.A. was a Florida professional association duly licensed, organized and existing under the laws of the State of Florida, and operated a medical practice providing medical and health care services in Brevard County, Florida.

17.    At all times material hereto, Defendant, RALPH P. PAGE, M.D., P.A., acted individually and by and through its agents, apparent agents, servants, and/or employees, including the Defendant, RALPH P. PAGE, M.D., who was acting within the course and scope of his agency, apparent agency and/or employment in furtherance of Defendant, RALPH P. PAGE, M.D., P.A.'s business pursuits.

18.    Dr. Jos Santz wrote a prescription for 0.5 mg of Coumadin, take as directed.  The prescription was delivered to the WALGREENS store located at 1600 Skibo Road, Fayetteville, North Carolina and misfilled on or about February 5, 2010. WALGREENS gave Plaintiff, MICHAEL RALPH, 5 mg tablets of Coumadin and

AMENDED COMPLAINT
Ralph v. Walgreen. Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 5

instructed him to take as directed.  In essence, this resulted in Plaintiff, MICHAEL

RALPH, taking a severe overdose of Coumadin.  This is not what Dr. Santz intended for

Plaintiff, MICHAEL RALPH.

19.    The Defendant, WALGREENS, negligently hired, trained, retained, and/or

supervised all employees, agents, and apparent agents of Defendant, WALGREENS

including but not limited to Defendants, MICHELLE LEWIS and RIGOBERTO QUIZON.

WALGREENS, through its agents, apparent agents, and employees, including but not

limited to Defendants, MICHELLE LEWIS and RIGOBERTO QUIZON, negligently filled

and verified the Coumadin prescription on February 5, 2010, and provided Plaintiff,

MICHAEL RALPH, with a product which Defendant, WALGREENS represented as the

medicine prescribed by Jos Santz, M.D., for Plaintiff, MICHAEL RALPH.  Defendant,

WALGREENS is independently liable for its own negligence and is vicariously liable for

the negligence of its employees, agents, and apparent agents, including but not limited

to Defendants, MICHELLE LEWIS and RIGOBERTO QUIZON.

20.    Unbeknownst   to   Plaintiff,   MICHAEL   RALPH,   the   Defendants,

WALGREENS, MICHELLE LEWIS and RIGOBERTO QUIZON filled the prescription

incorrectly.    The defendants also failed to warn MICHAEL RALPH about the

prescription. The defendants failed to properly counsel him regarding potential adverse

reactions, interactions and the dosage regimen as required under Florida Statute

465.003.

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 6

21.     Plaintiff, MICHAEL RALPH, took the medication as directed by the Defendant, WALGREENS, from February 5, 2010 through February 22, 2010.  Plaintiff, MICHAEL RALPH, was transported to Cape Canaveral Hospital on February 22, 2010 for emergency treatment, where it was discovered that he was urinating blood and had severe back pain.  The Coumadin overdose caused an epidural hematoma from C4-T10.

22.     Defendant, WALGREENS, and its employees, agents and apparent agents, had a duty to use proper care in filling and verifying the prescription to ensure that the proper medication prescribed by Plaintiff, MICHAEL RALPH's treating physician was in fact delivered to him.  Furthermore, Plaintiff, MICHAEL RALPH, relied upon the skill and judgment of the employees of WALGREENS to carefully and properly fill the prescription with the medication and dosage prescribed by his treating physician.

23.     Defendant, WALGREENS, and its employees, agents and apparent agents, negligently breached its duty of care to Plaintiff, MICHAEL RALPH, by delivering to Plaintiff, MICHAEL RALPH, 5 mg tablets of Coumadin to be taken as directed, with three (3) refills before February 5, 2011.  WALGREENS, through their employees, agents and apparent agents delivered dosages that were highly dangerous to the health and safety of Plaintiff, MICHAEL RALPH.

24.     Plaintiff, MICHAEL RALPH, took the Coumadin as directed and started experiencing bleeding so he went to the emergency room at Cape Canaveral Hospital

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 7

on or about February 22, 2010. On admission, his INR level was very high as were his

hemoglobin and hematocrit levels.

25.    While at CAPE CANAVERAL HOSPITAL, INC. on February 26, 2010,

RALPH P. PAGE, M.D., negligently ordered a pharmacy consult to adjust and monitor

anticoagulant dosing to Plaintiff, MICHAEL RALPH. RALPH P. PAGE, M.D. and CAPE

CANAVERAL HOSPITAL, INC. negligently administered Coumadin in the amount of 2

mg by mouth at CAPE CANAVERAL HOSPITAL, INC. on or about February 26, 2010

despite Plaintiff, MICHAEL RALPH's medical status. Had Plaintiff, MICHAEL RALPH

been treated in a non-negligent fashion, he would not have sustained his permanent

injuries.

26.    A pre-suit investigation was performed pursuant to Florida Statute

§766.203 and a Notice of Intent to Initiate Litigation against the Defendants, named

herein, was given in accordance with the requirements of Florida Statute §766.106. All

conditions precedent to Chapter 766 have been performed to bring this action.

### COUNT I – CLAIM AGAINST DEFENDANT, WALGREEN CO.

27.    Plaintiffs reallege and incorporate by reference the allegations contained

in Paragraphs 1 through 9, 18 through 23, and 26, and further allege:

28.    As a direct and proximate result of the Defendant, WALGREENS'

negligence, Plaintiff, MICHAEL RALPH, suffered permanent injuries and sequelae from

the overdose.

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 8

29.   Plaintiff, MICHAEL RALPH's claim:   As a result of the Defendants' negligence, MICHAEL RALPH, suffered permanent bodily injury, disability, physical pain and suffering, mental pain and suffering, impairment, disfigurement, inconvenience, and is physically and mentally impaired.   The Plaintiffs claim the reasonable value of expense of hospitalization, and medical and nursing care, and treatment necessarily or reasonably obtained by them for Plaintiff, MICHAEL RALPH in the past and future. The Plaintiff, MICHAEL RALPH, has incurred past medical expenses and care, lost the capacity to enjoy life in the past and future, has past, present and future mental pain and suffering, mental anguish, and has suffered bodily and permanent disability. He suffered an aggravation of pre-existing conditions and permanent disfigurement. The Plaintiffs have lost the support, services, and earning ability of a permanently and totally disabled husband.   PAULA RALPH incurred medical expenses for the care of her husband, and gratuitously provided nursing and attendant care for MICHAEL RALPH which was necessitated by his injuries.   All of these losses are permanent and continuing in nature.

30.   Plaintiff, PAULA RALPH's claim:   As a result of the Defendants' negligence, Plaintiff, PAULA RALPH has been deprived of the consortium of her husband, Plaintiff, MICHAEL RALPH, including but not limited to, the loss of fellowship, companionship, society, attentions, services, affection, guidance, comfort and household services and said losses are permanent and continuing in nature. Additionally, Plaintiff, PAULA RALPH claims the reasonable value or expense of

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 9

hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Plaintiff, PAULA RALPH for her husband, Plaintiff, MICHAEL RALPH, in the past or to be so obtained in the future.

31.    Plaintiff, BRANDON RALPH's claim:   As a result of the Defendants' negligence and because of the significant permanent injuries to Plaintiff, MICHAEL RALPH, which resulted in his permanent total disability, his unmarried dependent son, Plaintiff, BRANDON RALPH (d/o/b April 1, 1987) asserts claims under Florida Statute 768.0415 for his loss of permanent services, comfort, companionship and society from his father.

WHEREFORE, the Plaintiffs, MICHAEL RALPH and PAULA RALPH, individually and as husband and wife, and BRANDON RALPH, demand judgment against the Defendant, WALGREEN, CO. for these damages and all other damages allowable by law, and demands costs, attorney's fees, interest, and a trial by jury.

## COUNT II – NEGLIGENT HIRING, TRAINING, RETENTION, SUPERVISION AND/OR ENTRUSTMENT AGAINST DEFENDANT, WALGREEN CO.

32.    Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1 through 9, 18 through 23, and 26 and further allege:

33.    Defendant, WALGREENS, had a duty and responsibility to conduct background investigations of its employees, including but not limited to Defendants, MICHELLE LEWIS and RIGOBERTO QUIZON to determine their suitability as pharmacists and/or pharmacy technicians. Defendant, WALGREENS failed to perform such investigations or performed them negligently.

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 10

34. An appropriate investigation by the Defendant, WALGREENS, would have revealed the unsuitability of these employees and/or agents and/or apparent agents, including but not limited to Defendants, MICHELLE LEWIS and RIGOBERTO QUIZON for the duties to be performed and/or for employment in general.

35. It was unreasonable for the Defendant, WALGREENS, to hire these employees and/or agents and/or apparent agents, including but not limited to Defendants, MICHELLE LEWIS and RIGOBERTO QUIZON in light of the information that Defendant, WALGREENS, knew or should have known.

36. Once the Defendant, WALGREENS, received actual or constructive notice of problems with its employees, agents, and/or apparent agents, including but not limited to Defendants, MICHELLE LEWIS and RIGOBERTO QUIZON, it was unreasonable for the Defendant, WALGREENS, not to investigate or take corrective action such as discharge or reassignment.

37. Defendant, WALGREENS, knew or should have known that its employees, including but not limited to Defendants, MICHELLE LEWIS and RIGOBERTO QUIZON, failed to possess the required training, skill, and/or judgment to properly and safely fill and verify prescriptions for people such as the Plaintiff, MICHAEL RALPH.

38. Defendant, WALGREENS, did or failed to do one or more of the following acts, any or all of which were departures from the acceptable professional standards of care Brevard County, Florida, or any similar medical community:

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 11

a)   Failure to supervise and/or train Defendants, MICHELLE LEWIS
     and RIGOBERTO QUIZON to the extent necessary to fill and verify
     prescriptions for customers such as Plaintiff, MICHAEL RALPH;

b)   Failure to perform a background investigation of Defendants,
     MICHELLE LEWIS and RIGOBERTO QUIZON prior to hiring
     and/or retaining them; and

c)   Negligently entrusting and/or retaining Defendants, MICHELLE
     LEWIS and RIGOBERTO QUIZON which would foreseeably permit
     them to fill and verify prescriptions to the Plaintiff, MICHAEL
     RALPH.

39.   As a direct and proximate result of the Defendant, WALGREENS',
negligence, Plaintiff, MICHAEL RALPH, suffered permanent injuries and sequelae from
the overdose.

40.   Plaintiff, MICHAEL RALPH's claim:   As a result of the Defendants'
negligence, MICHAEL.RALPH, suffered permanent bodily injury, disability, physical pain
and suffering, mental pain and suffering, impairment, disfigurement, inconvenience, and
is physically and mentally impaired.   The Plaintiffs claim the reasonable value of
expense of hospitalization, and medical and nursing care, and treatment necessarily or
reasonably obtained by them for Plaintiff, MICHAEL RALPH in the past and future.   The
Plaintiff. MICHAEL RALPH, has incurred past medical expenses and care, lost the
capacity to enjoy life in the past and future, has past, present and future mental pain
and suffering, mental anguish, and has suffered bodily and permanent disability.   He
suffered an aggravation of pre-existing conditions and permanent disfigurement.   The
Plaintiffs have lost the support, services, and earning ability of a permanently and totally
disabled husband.   PAULA RALPH incurred medical expenses for the care of her

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 12

husband, and gratuitously provided nursing and attendant care for MICHAEL RALPH which was necessitated by his injuries. All of these losses are permanent and continuing in nature.

41.    Plaintiff, PAULA RALPH's claim:   As a result of the Defendants' negligence, Plaintiff, PAULA RALPH has been deprived of the consortium of her husband, Plaintiff, MICHAEL RALPH, including but not limited to, the loss of fellowship, companionship, society, attentions, services, affection, guidance, comfort and household services and said losses are permanent and continuing in nature. Additionally, Plaintiff, PAULA RALPH claims the reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Plaintiff, PAULA RALPH for her husband, Plaintiff, MICHAEL RALPH, in the past or to be so obtained in the future.

42.    Plaintiff, BRANDON RALPH's claim:  As a result of the Defendants' negligence and because of the significant permanent injuries to Plaintiff, MICHAEL RALPH, which resulted in his permanent total disability, his unmarried dependent son, Plaintiff, BRANDON RALPH (d/o/b April 1, 1987) asserts claims under Florida Statute 768.0415 for his loss of permanent services, comfort, companionship and society from his father.

WHEREFORE, the Plaintiffs, MICHAEL RALPH and PAULA RALPH, Individually and as husband and wife, and BRANDON RALPH, demand judgment against the

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 13

Defendant, WALGREEN, CO., for these damages and all other damages allowable by

law, and demands costs, attorney's fees, interest, and a trial by jury.

## COUNT III – CLAIM AGAINST DEFENDANT, MICHELLE LEWIS

43.     Plaintiffs reallege and incorporate by reference the allegations contained

in Paragraphs 1 through 7, 9, 18 through 23, and 26 and further allege:

44.     At all times material hereto, Defendant, MICHELLE LEWIS, was the

pharmacy technician who was responsible and had a duty to properly fill and verify the

Coumadin prescription.  Defendant, MICHELLE LEWIS negligently filled and verified the

prescription.

45.     As a direct and proximate result of the Defendant, MICHELLE LEWIS'

negligence, Plaintiff, MICHAEL RALPH, suffered permanent injuries and sequelae from

the overdose.

46.     Plaintiff, MICHAEL RALPH's claim:   As a result of the Defendants'

negligence, MICHAEL RALPH, suffered permanent bodily injury, disability, physical pain

and suffering, mental pain and suffering, impairment, disfigurement, inconvenience, and

is physically and mentally impaired.   The Plaintiffs claim the reasonable value of

expense of hospitalization, and medical and nursing care, and treatment necessarily or

reasonably obtained by them for Plaintiff, MICHAEL RALPH in the past and future.  The

Plaintiff, MICHAEL RALPH, has incurred past medical expenses and care, lost the

capacity to enjoy life in the past and future, has past, present and future mental pain

and suffering, mental anguish, and has suffered bodily and permanent disability.  He

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen. Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 14

suffered an aggravation of pre-existing conditions and permanent disfigurement: The Plaintiffs have lost the support, services, and earning ability of a permanently and totally disabled husband. PAULA RALPH incurred medical expenses for the care of her husband, and gratuitously provided nursing and attendant care for MICHAEL RALPH which was necessitated by his injuries. All of these losses are permanent and continuing in nature.

47. Plaintiff, PAULA RALPH's claim: As a result of the Defendants' negligence, Plaintiff, PAULA RALPH has been deprived of the consortium of her husband, Plaintiff, MICHAEL RALPH, including but not limited to, the loss of fellowship, companionship, society, attentions, services, affection, guidance, comfort and household services and said losses are permanent and continuing in nature. Additionally, Plaintiff, PAULA RALPH claims the reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Plaintiff, PAULA RALPH for her husband, Plaintiff, MICHAEL RALPH, in the past or to be so obtained in the future.

48. Plaintiff, BRANDON RALPH's claim: As a result of the Defendants' negligence and because of the significant permanent injuries to Plaintiff, MICHAEL RALPH, which resulted in his permanent total disability, his unmarried dependent son, Plaintiff, BRANDON RALPH (d/o/b April 1, 1987) asserts claims under Florida Statute 768.0415 for his loss of permanent services, comfort, companionship and society from his father.

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 15

WHEREFORE, the Plaintiffs, MICHAEL RALPH and PAULA RALPH, Individually and as husband and wife, and BRANDON RALPH, demand judgment against the Defendant, MICHELLE LEWIS, for these damages and all other damages allowable by law, and demands costs, attorney's fees, interest, and a trial by jury.

## COUNT IV– CLAIM AGAINST DEFENDANT, RIGOBERTO QUIZON

49. Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1 through 6, 8, 18 through 23, and 26, and further allege:

50. At all times material hereto, Defendant, RIGOBERTO QUIZON, was the pharmacist who was responsible and had a duty to properly fill and verify the Coumadin prescription. Defendant, RIGOBERTO QUIZON negligently filled and verified the prescription.

51. As a direct and proximate result of the Defendant, ROBERTO QUIZON's negligence, Plaintiff, MICHAEL RALPH, suffered permanent injuries and sequelae from the overdose.

52. Plaintiff, MICHAEL RALPH's claim: ¦ As a result of the Defendants' negligence, MICHAEL RALPH, suffered permanent bodily injury, disability, physical pain and suffering, mental pain and suffering, impairment, disfigurement, inconvenience, and is physically and mentally impaired. The Plaintiffs claim the reasonable value of expense of hospitalization, and medical and nursing care, and treatment necessarily or reasonably obtained by them for Plaintiff, MICHAEL RALPH in the past and future. The Plaintiff, MICHAEL RALPH, has incurred past medical expenses and care, lost the

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 16

capacity to enjoy life in the past and future, has past, present and future mental pain and suffering, mental anguish, and has suffered bodily and permanent disability. He suffered an aggravation of pre-existing conditions and permanent disfigurement. The Plaintiffs have lost the support, services, and earning ability of a permanently and totally disabled husband. PAULA RALPH incurred medical expenses for the care of her husband, and gratuitously provided nursing and attendant care for MICHAEL RALPH which was necessitated by his injuries. All of these losses are permanent and continuing in nature.

53.    Plaintiff, PAULA RALPH's claim:  As a result of the Defendants' negligence, Plaintiff, PAULA RALPH has been deprived of the consortium of her husband, Plaintiff, MICHAEL RALPH, including but not limited to, the loss of fellowship, companionship, society, attentions, services, affection, guidance, comfort and household services and said losses are permanent and continuing in nature. Additionally, Plaintiff, PAULA RALPH claims the reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Plaintiff, PAULA RALPH for her husband, Plaintiff, MICHAEL RALPH, in the past or to be so obtained in the future.

54.    Plaintiff, BRANDON RALPH's claim:  As a result of the Defendants' negligence and because of the significant permanent injuries to Plaintiff, MICHAEL RALPH, which resulted in his permanent total disability, his unmarried dependent son, Plaintiff, BRANDON RALPH (d/o/b April 1, 1987) asserts claims under Florida Statute

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 17

768.0415 for his loss of permanent services, comfort, companionship and society from his father.

WHEREFORE, the Plaintiffs, MICHAEL RALPH and PAULA RALPH, Individually and as husband and wife, and BRANDON RALPH, demand judgment against the Defendant, RIGOBERTO QUIZON, for these damages and all other damages allowable by law, and demands costs, attorney's fees, interest, and a trial by jury.

## COUNT V – NEGLIGENCE CLAIM FOR AGENCY AGAINST DEFENDANT, CAPE CANAVERAL HOSPITAL, INC.

55.     Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1 through 4, 10 through 18, and 24 through 26 and further allege:

56.     Defendant, CAPE CANAVERAL HOSPITAL, INC., controlled the actions and/or had the right to control the actions of Defendant, RALPH P. PAGE, M.D., by controlling his salary, work scope, work hours, and/or work conditions.  The Medical Staff Bylaws and/or Articles of Incorporation set forth the level of control that CAPE CANAVERAL HOSPITAL, INC. had over RALPH P. PAGE, M.D.

57.     Beginning on or about February 26, 2010, Defendant, CAPE CANAVERAL HOSPITAL, INC. by and through its agents, servants and/or employees, including but not limited to the Defendant, RALPH P. PAGE, M.D., owed a duty to Plaintiff, MICHAEL RALPH, to provide proper medical care and treatment in accordance with the prevailing professional standards of care for physicians and/or similar health care providers in light of all the relevant circumstances.  Notwithstanding the duty undertaken, Defendant, CAPE CANAVERAL HOSPITAL, INC., did or failed to do one or

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 18

more of the following acts, any or all of which were departures from the acceptable

professional standards of care in Brevard County, Florida, or any similar medical

community:

    a)    Failure to reverse Michael Ralph's INR in a timely fashion;

    b)    Failure to administer sufficient fresh frozen plasma and/or Vitamin
           K to timely to reverse Michael Ralph's INR;

    c)    Failure to keep its hospital pharmacy from filling Coumadin 2mg for
           Michael Ralph on or about February 26, 2010; and

    d)    Failed to provide that level of care, skill, and treatment which, in
           light of all relevant surrounding circumstances, is recognized as
           acceptable and appropriate by reasonably prudent similar
           healthcare providers.

    58.    As a direct and proximate result of the Defendant, CAPE CANAVERAL

HOSPITAL, INC.'s negligence, Plaintiff, MICHAEL RALPH, suffered permanent injuries

and sequelae from the overdose.

    59.    Plaintiff, MICHAEL RALPH's claim:  As a result of the Defendants'

negligence, MICHAEL RALPH, suffered permanent bodily injury, disability, physical pain

and suffering, mental pain and suffering, impairment, disfigurement, inconvenience, and

is physically and mentally impaired.  The Plaintiffs claim the reasonable value of

expense of hospitalization, and medical and nursing care, and treatment necessarily or

reasonably obtained by them for Plaintiff, MICHAEL RALPH in the past and future. The

Plaintiff, MICHAEL RALPH, has incurred past medical expenses and care, lost the

capacity to enjoy life in the past and future, has past, present and future mental pain

and suffering, mental anguish, and has suffered bodily and permanent disability.  He

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 19

suffered an aggravation of pre-existing conditions and permanent disfigurement. The Plaintiffs have lost the support, services, and earning ability of a permanently and totally disabled husband. PAULA RALPH incurred medical expenses for the care of her husband, and gratuitously provided nursing and attendant care for MICHAEL RALPH which was necessitated by his injuries. All of these losses are permanent and continuing in nature.

60. Plaintiff, PAULA RALPH's claim: As a result of the Defendants' negligence, Plaintiff, PAULA RALPH has been deprived of the consortium of her husband, Plaintiff, MICHAEL RALPH, including but not limited to, the loss of fellowship, companionship, society, attentions, services, affection, guidance, comfort and household services and said losses are permanent and continuing in nature. Additionally, Plaintiff, PAULA RALPH claims the reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Plaintiff, PAULA RALPH for her husband, Plaintiff, MICHAEL RALPH, in the past or to be so obtained in the future.

61. Plaintiff, BRANDON RALPH's claim: As a result of the Defendants' negligence and because of the significant permanent injuries to Plaintiff, MICHAEL RALPH, which resulted in his permanent total disability, his unmarried dependent son, Plaintiff, BRANDON RALPH (d/o/b April 1, 1987) asserts claims under Florida Statute 768.0415 for his loss of permanent services, comfort, companionship and society from his father.

Case 6:12-cv-00516-PCF-KRS  Document 3  Filed 04/04/12  Page 20 of 41  PageID 41

AMENDED COMPLAINT
Ralph v. Walgreen. Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 20

WHEREFORE, the Plaintiffs, MICHAEL RALPH and PAULA RALPH, Individually and as husband and wife, and BRANDON RALPH, demand judgment against the Defendant, CAPE CANAVERAL HOSPITAL, INC., for these damages and all other damages allowable by law, and demands costs, attorney's fees, interest, and a trial by jury.

## COUNT VI – NEGLIGENCE CLAIM FOR APPARENT AGENCY AGAINST DEFENDANT, CAPE CANAVERAL HOSPITAL, INC.

62.     Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1 through 4, 10 through 18, and 24 through 26, and further allege:

63.     On or about February 26, 2010, Defendant, RALPH P. PAGE, M.D. was an apparent agent of the Defendant, CAPE CANAVERAL HOSPITAL, INC. and was acting within the course of scope of his apparent agency with the Defendant, CAPE CANAVERAL HOSPITAL, INC, and in furtherance of the Defendant, CAPE CANAVERAL HOSPITAL's business pursuits. Plaintiff MICHAEL RALPH reasonably believed that RALPH P. PAGE was an agent, servant, and/or employee of CAPE CANAVERAL HOSPITAL, and relied on the appearance and representation of such, reputation of CAPE CANAVERAL HOSPITAL, and the fact that CAPE CANAVERAL HOSPITAL provided RALPH P PAGE to be Plaintiff's doctor during the hospitalization.

64.     Beginning on or about February 26, 2010, Defendant, CAPE CANAVERAL HOSPITAL, INC. by and through its agents, servants and/or employees, including but not limited to the Defendant, RALPH P. PAGE, M.D., owed a duty to Plaintiff, MICHAEL RALPH, to provide proper medical care and treatment in accordance

PDF created with pdfFactory trial version www.pdffactory.com

with the prevailing professional standards of care for physicians and/or similar health care providers in light of all the relevant circumstances.   Notwithstanding the duty undertaken, Defendant, CAPE CANAVERAL HOSPITAL, INC., did or failed to do one or more of the following acts, any or all of which were departures from the acceptable professional standards of care in Brevard County, Florida, or any similar medical community:

a)   Failure to reverse Michael Ralph's INR in a timely fashion;

b)   Failure to administer sufficient fresh frozen plasma and/or Vitamin K to timely to reverse Michael Ralph's INR;

c)   Failure to keep its hospital pharmacy from filling Coumadin 2mg for Michael Ralph on or about February 26, 2010; and

d)   Failed to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

65.   As a direct and proximate result of the Defendant, CAPE CANAVERAL HOSPITAL, INC.'s negligence, Plaintiff, MICHAEL RALPH, suffered permanent injuries and sequelae from the overdose.

66.   Plaintiff, MICHAEL RALPH's claim:   As a result of the Defendants' negligence, MICHAEL RALPH, suffered permanent bodily injury, disability, physical pain and suffering, mental pain and suffering, impairment, disfigurement, inconvenience, and is physically and mentally impaired.   The Plaintiffs claim the reasonable value of expense of hospitalization, and medical and nursing care, and treatment necessarily or

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 22

reasonably obtained by them for Plaintiff, MICHAEL RALPH in the past and future. The

Plaintiff, MICHAEL RALPH, has incurred past medical expenses and care, lost the

capacity to enjoy life in the past and future, has past, present and future mental pain

and suffering, mental anguish, and has suffered bodily and permanent disability. He

suffered an aggravation of pre-existing conditions and permanent disfigurement. The

Plaintiffs have lost the support, services, and earning ability of a permanently and totally

disabled husband. PAULA RALPH incurred medical expenses for the care of her

husband, and gratuitously provided nursing and attendant care for MICHAEL RALPH

which was necessitated by his injuries. All of these losses are permanent and

continuing in nature.

67. Plaintiff, PAULA RALPH's claim: As a result of the Defendants'

negligence, Plaintiff, PAULA RALPH has been deprived of the consortium of her

husband, Plaintiff, MICHAEL RALPH, including but not limited to, the loss of fellowship,

companionship, society, attentions, services, affection, guidance, comfort and

household services and said losses are permanent and continuing in nature.

Additionally, Plaintiff, PAULA RALPH claims the reasonable value or expense of

hospitalization and medical and nursing care and treatment necessarily or reasonably

obtained by Plaintiff, PAULA RALPH for her husband, Plaintiff, MICHAEL RALPH, in the

past or to be so obtained in the future.

68. Plaintiff, BRANDON RALPH's claim: As a result of the Defendants'

negligence and because of the significant permanent injuries to Plaintiff, MICHAEL

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 23

RALPH, which resulted in his permanent total disability, his unmarried dependent son,

Plaintiff, BRANDON RALPH (d/o/b April 1, 1987) asserts claims under Florida Statute

768.0415 for his loss of permanent services, comfort, companionship and society from

his father.

WHEREFORE, the Plaintiffs, MICHAEL RALPH and PAULA RALPH, Individually

and as husband and wife, and BRANDON RALPH, demand judgment against the

Defendant, CAPE CANAVERAL HOSPITAL, INC., for these damages and all other

damages allowable by law, and demands costs, attorney's fees, interest, and a trial by

jury.

## COUNT VII – NEGLIGENT HIRING, CREDENTIALING, SUPERVISION, TRAINING, RETENTION, AND/OR ENTRUSTMENT AND FLORIDA STATUTE §766.110 AGAINST DEFENDANT, CAPE CANAVERAL HOSPITAL, INC.

69.     Plaintiffs reallege and incorporate by reference the allegations contained

in Paragraphs 1 through 4, 10 through 18, and 24 through 26 and further allege:

70.     Defendant, CAPE CANAVERAL HOSPITAL, INC. owed a duty to Plaintiff,

MICHAEL RALPH, to assure that the issuance of medical staff privileges to Defendant,

RALPH P. PAGE, M.D., was such that Defendant, RALPH P. PAGE, M.D., was

competent to perform the services to the patients, such as Plaintiff, MICHAEL RALPH,

while providing medical care and treatment to the patients at CAPE CANAVERAL

HOSPITAL, INC.

71.     Defendant, CAPE CANAVERAL HOSPITAL, INC. failed to select and

retain competent medical staff members by granting unlimited staff privileges to

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 24

Defendant, RALPH P. PAGE, M.D., when it knew or should have known that Defendant, RALPH P. PAGE, M.D. was not a competent physician capable of providing medical care and treatment to patients such as Plaintiff, MICHAEL RALPH.

72. Defendant, CAPE CANAVERAL HOSPITAL, INC. failed to select and retain competent medical staff members by granting unlimited staff privileges to Defendant, RALPH P. PAGE, M.D. as an internal medicine physician without requiring proctoring, monitoring, or supervision of a properly credentialed physician in the treatment of internal medicine patients such as Plaintiff, MICHAEL RALPH.

73. Defendant, CAPE CANAVERAL HOSPITAL, INC. failed to select and retain competent medical staff members by granting unlimited staff privileges to Defendant, RALPH P. PAGE, M.D. as an internal medicine physician by granting renewed privileges to Defendant, RALPH P. PAGE, M.D. as an internal medicine physician without the results of the required initial monitoring and the information concerning his professional performance, judgment, and clinical or technical skills that are derived from this process.

74. Defendant, CAPE CANAVERAL HOSPITAL, INC., had a duty to assure comprehensive risk management and the competence of Defendant, RALPH P. PAGE, M.D., through careful selection and review, under Florida Statute §766.110(1). Defendant, CAPE CANAVERAL HOSPITAL, INC. had a duty to:

> a) Adopt written procedures for the selection of staff members and periodically review the medical care and treatment rendered to patients like Plaintiff, MICHAEL RALPH;

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 25

b) Adopt a comprehensive risk management program which fully complied with §395.0197; and

c) Initiate and diligently administrate a medical review and risk management process including supervising the Defendant, RALPH P. PAGE, M.D., to the extent necessary to ensure that such medical review and risk management process were being diligently carried out.

75. Defendant, CAPE CANAVERAL HOSPITAL, INC. had a duty and responsibility to conduct background investigations of Defendant, RALPH P. PAGE, M.D., to determine his suitability for treating patients like Plaintiff, MICHAEL RALPH. Defendant, CAPE CANAVERAL HOSPITAL, INC. failed to perform such investigations or performed them negligently.

76. An appropriate investigation by Defendant, CAPE CANAVERAL HOSPITAL, INC. would have revealed the unsuitability of Defendant, RALPH P. PAGE, M.D.

77. It was unreasonable for Defendant, CAPE CANAVERAL HOSPITAL, INC. to hire Defendant, RALPH P. PAGE, M.D., in light of the information that Defendant, CAPE CANAVERAL HOSPITAL, INC. knew or should have known.

78. Once Defendant, CAPE CANAVERAL HOSPITAL, INC. received actual or constructive notice of problems with Defendant, RALPH P. PAGE, M.D., it was unreasonable for Defendant, CAPE CANAVERAL HOSPITAL, INC. not to investigate or take corrective action such as discharge or reassignment.

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 26

79.    Defendant, CAPE CANAVERAL HOSPITAL, INC. had a duty to supervise the work of Defendant, RALPH P. PAGE, M.D., and ensure that medical review and risk management process were being diligently carried out.

80.    Defendant, CAPE CANAVERAL HOSPITAL, INC. knew or should have known that Defendant, RALPH P. PAGE, M.D., failed to possess the required training, skill, and/or judgment to properly and safely treat patients such as Plaintiff, MICHAEL RALPH.

81.    Defendant, CAPE CANAVERAL HOSPITAL, INC. did or failed to do one or more of the following acts, any or all of which were departures from the acceptable professional standards of care in Brevard County, Florida, or any similar medical community:

    a)    Failing to assure that Defendant, RALPH P. PAGE, M.D., was competent In caring for Plaintiff, MICHAEL RALPH, or any other similar surgical patients;

    b)    Failing to supervise and/or train Defendant, RALPH P. PAGE, M.D., to the extent necessary to care for Plaintiff, MICHAEL RALPH;

    c)    Failing to perform a background investigation of Defendant, RALPH P. PAGE, M.D., prior to hiring and/or retaining him; and

    d)    Negligently entrusting and/or retaining Defendant, RALPH P. PAGE, M.D., which would foreseeably permit him to treat patients like Plaintiff, MICHAEL RALPH.

82.    As a direct and proximate result of the Defendant, CAPE CANAVERAL HOSPITAL, INC.'s negligence, Plaintiff, MICHAEL RALPH, suffered permanent injuries and sequelae from the overdose.

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 27

83.    Plaintiff, MICHAEL RALPH's claim:   As a result of the Defendants'
negligence, MICHAEL RALPH, suffered permanent bodily injury, disability, physical pain
and suffering, mental pain and suffering, impairment, disfigurement, inconvenience, and
is physically and mentally impaired.   The Plaintiffs claim the reasonable value of
expense of hospitalization, and medical and nursing care, and treatment necessarily or
reasonably obtained by them for Plaintiff, MICHAEL RALPH in the past and future.  The
Plaintiff, MICHAEL RALPH, has incurred past medical expenses and care, lost the
capacity to enjoy life in the past and future, has past, present and future mental pain
and suffering, mental anguish, and has suffered bodily and permanent disability.   He
suffered an aggravation of pre-existing conditions and permanent disfigurement.  The
Plaintiffs have lost the support, services, and earning ability of a permanently and totally
disabled husband.   PAULA RALPH incurred medical expenses for the care of her
husband, and gratuitously provided nursing and attendant care for MICHAEL RALPH
which was necessitated by his injuries.  All of these losses are permanent and
continuing in nature.

84.    Plaintiff, PAULA RALPH's claim:    As a result of the Defendants'
negligence, Plaintiff, PAULA RALPH has been deprived of the consortium of her
husband, Plaintiff, MICHAEL RALPH, including but not limited to, the loss of fellowship,
companionship, society, attentions, services, affection, guidance, comfort and
household services and said losses are permanent and continuing in nature.
Additionally, Plaintiff, PAULA RALPH claims the reasonable value or expense of

hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Plaintiff, PAULA RALPH for her husband, Plaintiff, MICHAEL RALPH, in the past or to be so obtained in the future.

85. Plaintiff, BRANDON RALPH's claim: As a result of the Defendants' negligence and because of the significant permanent injuries to Plaintiff, MICHAEL RALPH, which resulted in his permanent total disability, his unmarried dependent son, Plaintiff, BRANDON RALPH (d/o/b April 1, 1987) asserts claims under Florida Statute 768.0415 for his loss of permanent services, comfort, companionship and society from his father.

WHEREFORE, the Plaintiffs, MICHAEL RALPH and PAULA RALPH, individually and as husband and wife, and BRANDON RALPH, demand judgment against the Defendant, CAPE CANAVERAL HOSPITAL, INC., for these damages and all other damages allowable by law, and demands costs, attorney's fees, interest, and a trial by jury.

## COUNT VIII – NEGLIGENCE OF DEFENDANT, CAPE CANAVERAL HOSPITAL, INC. FOR NON-DELEGABLE DUTY

86. Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1 through 4, 10 through 18, and 24 through 26, and further allege:

87. At all times material hereto, Defendant, CAPE CANAVERAL HOSPITAL, INC., had a non-delegable duty to the Plaintiff, MICHAEL RALPH, to provide non-negligent medical services to him pursuant to its contract, Florida Statutes, Florida Regulations, and Federal Regulations.

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 29

88.     At all times material hereto, Defendant, CAPE CANAVERAL HOSPITAL,

INC., undertook a duty to treat the Plaintiff, MICHAEL RALPH, for a charge, and

furnished these aforementioned services to render that treatment.  Defendant, CAPE

CANAVERAL HOSPITAL, INC. approved the personnel who would be providing the

services to the Plaintiff, MICHAEL RALPH, and employed, granted staff privileges to,

and/or paid the Defendant, RALPH P. PAGE, M.D., to perform said services.  The

statutory, regulatory, contractual and common law duties assumed by and/or imposed

upon the Defendant, RALPH P. PAGE, M.D., included providing pre-surgical services

which are non-delegable and, as a matter of law, impose direct liability upon the

Defendant, CAPE CANAVERAL HOSPITAL, INC., for the negligent performance of

such duties.

89.     As a Medicare provider, i.e., a hospital accepting Medicare from the

Federal government, Defendant, CAPE CANAVERAL HOSPITAL, INC., was subject to

the rules and regulations promulgated under 42 CFR 482, which govern the conditions

of participation for hospitals and impose a non-delegable duty on those participating

hospitals.

90.     Specifically, pursuant to 42 CFR 482.12(e), Defendant, CAPE

CANAVERAL HOSPITAL, INC., is responsible for the safe and effective delivery of

services furnished in the hospital, even if furnished under contracts with those labeled

independent contractors.

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 30

91.     Pursuant to 42 CFS 482.22, CAPE CANAVERAL HOSPITAL must have an organized medical staff that operates under bylaws approved by the governing body and is responsible for the quality of medical care provided to patients by the hospital. Furthermore, the medical staff must be well organized and accountable to the governing body for the quality of medical care provided to patients. See 42 CFS 482.22(b).

92.     The non-delegable duty imposed by 42 CFR 482 applies to services and encompasses the acts or omissions of the Defendants, CAPE CANAVERAL HOSPITAL, INC., and RALPH P. PAGE, M.D., and other hospital personnel. Defendant, CAPE CANAVERAL HOSPITAL, INC. breached its statutory non-delegable duty to the Plaintiff, MICHAEL RALPH.

93.     Florida hospital licensing and regulation statutes and rules (§§ 395.001, 395.1055, Fla. Stat.; FAC 59A-3.2085(3)) imposed a non-delegable duty upon Defendant, CAPE CANAVERAL HOSPITAL, INC. to provide these medical services to the Plaintiff, MICHAEL RALPH.

94.     The contract between the Plaintiff, MICHAEL RALPH, and the Defendant, CAPE CANAVERAL HOSPITAL, INC. imposed a non-delegable duty on Defendant, CAPE CANAVERAL HOSPITAL, INC. to provide these services to the Plaintiff, MICHAEL RALPH.

95.     As a direct and proximate result of the negligence and failure to timely treat Plaintiff, MICHAEL RALPH, Defendant, CAPE CANAVERAL HOSPITAL, INC., by

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 31

and through its agents, apparent agents, servants, and employees, the Plaintiff, MICHAEL RALPH suffered permanent injuries and sequelae from the overdose.

96.    As a direct and proximate result of the Defendant, CAPE CANAVERAL HOSPITAL, INC.'s negligence and failure to timely treat and evaluate the Plaintiff, MICHAEL RALPH, and had they not performed the negligent acts described above, the Plaintiff, MICHAEL RALPH, would not have suffered permanent injuries and sequelae from the overdose.

97.    As a direct and proximate result of the Defendant, CAPE CANAVERAL HOSPITAL, INC.'s negligence, Plaintiff, MICHAEL RALPH, suffered permanent injuries and sequelae from the overdose.

98.    Plaintiff, MICHAEL RALPH's claim:  As a result of the Defendants' negligence, MICHAEL RALPH, suffered permanent bodily injury, disability, physical pain and suffering, mental pain and suffering, impairment, disfigurement, inconvenience, and is physically and mentally impaired.  The Plaintiffs claim the reasonable value of expense of hospitalization, and medical and nursing care, and treatment necessarily or reasonably obtained by them for Plaintiff, MICHAEL RALPH in the past and future.  The Plaintiff, MICHAEL RALPH, has incurred past medical expenses and care, lost the capacity to enjoy life in the past and future, has past, present and future mental pain and suffering, mental anguish, and has suffered bodily and permanent disability.  He suffered an aggravation of pre-existing conditions and permanent disfigurement.  The Plaintiffs have lost the support, services, and earning ability of a permanently and totally

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen. Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 32

disabled husband.   PAULA RALPH incurred medical expenses for the care of her

husband, and gratuitously provided nursing and attendant care for MICHAEL RALPH

which was necessitated by his injuries.   All of these losses are permanent and

continuing in nature.

99.   Plaintiff, PAULA RALPH's claim:   As a result of the Defendants'

negligence, Plaintiff, PAULA RALPH has been deprived of the consortium of her

husband, Plaintiff, MICHAEL RALPH, including but not limited to, the loss of fellowship,

companionship, society, attentions, services, affection, guidance, comfort and

household services and said losses are permanent and continuing in nature.

Additionally, Plaintiff, PAULA RALPH claims the reasonable value or expense of

hospitalization and medical and nursing care and treatment necessarily or reasonably

obtained by Plaintiff, PAULA RALPH for her husband, Plaintiff, MICHAEL RALPH, in the

past or to be so obtained in the future.

100.   Plaintiff, BRANDON RALPH's claim:   As a result of the Defendants'

negligence and because of the significant permanent injuries to Plaintiff, MICHAEL

RALPH, which resulted in his permanent total disability, his unmarried dependent son,

Plaintiff, BRANDON RALPH (d/o/b April 1, 1987) asserts claims under Florida Statute

768.0415 for his loss of permanent services, comfort, companionship and society from

his father.

WHEREFORE, the Plaintiffs, MICHAEL RALPH and PAULA RALPH, Individually

and as husband and wife, and BRANDON RALPH, demand judgment against the

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 33

Defendant, CAPE CANAVERAL HOSPITAL, INC., for these damages and all other

damages allowable by law, and demands costs, attorney's fees, interest, and a trial by

jury.

### COUNT IX – VICARIOUS LIABILITY AGAINST DEFENDANT, CAPE CANAVERAL HOSPITAL, INC.

101.    Plaintiffs reallege and incorporate by reference the allegations contained

in Paragraphs 1 through 4, 10 through 18, and 24 through 26, and further allege:

102.    Defendant, CAPE CANAVERAL HOSPITAL, INC. is vicariously liable for

the negligence of its agents, apparent agents, servants and employees including but not

limited to its nurses, and the Defendant, RALPH P. PAGE, M.D., in that:

a)    CAPE CANAVERAL HOSPITAL, INC., and its employees, agents and apparent agents including but not limited to: RALPH P. PAGE, M.D., fell below the standard of care in Failure to reverse Michael Ralph's INR in a timely fashion;

b)    Failure to administer sufficient fresh frozen plasma and/or Vitamin K to timely to reverse Michael Ralph's INR;

c)    Failure to keep its hospital pharmacy from filling Coumadin 2mg for Michael Ralph on or about February 26, 2010; and

d)    Failed to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

103.    As a direct and proximate result of the Defendant, CAPE CANAVERAL

HOSPITAL, INC.'s negligence, Plaintiff, MICHAEL RALPH, suffered permanent injuries

and sequelae from the overdose.

104.   Plaintiff, MICHAEL RALPH's claim:   As a result of the Defendants' negligence, MICHAEL RALPH, suffered permanent bodily injury, disability, physical pain and suffering, mental pain and suffering, impairment, disfigurement, inconvenience, and is physically and mentally impaired.   The Plaintiffs claim the reasonable value of expense of hospitalization, and medical and nursing care, and treatment necessarily or reasonably obtained by them for Plaintiff, MICHAEL RALPH in the past and future.  The Plaintiff, MICHAEL RALPH, has incurred past medical expenses and care, lost the capacity to enjoy life in the past and future, has past, present and future mental pain and suffering, mental anguish, and has suffered bodily and permanent disability.  He suffered an aggravation of pre-existing conditions and permanent disfigurement.  The Plaintiffs have lost the support, services, and earning ability of a permanently and totally disabled husband.  PAULA RALPH incurred medical expenses for the care of her husband, and gratuitously provided nursing and attendant care for MICHAEL RALPH which was necessitated by his injuries.   All of these losses are permanent and continuing in nature.

105.   Plaintiff, PAULA RALPH's claim:   As a result of the Defendants' negligence, Plaintiff, PAULA RALPH has been deprived of the consortium of her husband, Plaintiff, MICHAEL RALPH, including but not limited to, the loss of fellowship, companionship, society, attentions, services, affection, guidance, comfort and household services and said losses are permanent and continuing in nature. Additionally, Plaintiff, PAULA RALPH claims the reasonable value or expense of

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 35

hospitalization and medical and nursing care and treatment necessarily or reasonably

obtained by Plaintiff, PAULA RALPH for her husband, Plaintiff, MICHAEL RALPH, in the

past or to be so obtained in the future.

106.   Plaintiff, BRANDON RALPH's claim:   As a result of the Defendants'

negligence and because of the significant permanent injuries to Plaintiff, MICHAEL

RALPH, which resulted in his permanent total disability, his unmarried dependent son,

Plaintiff, BRANDON RALPH (d/o/b April 1, 1987) asserts claims under Florida Statute

768.0415 for his loss of permanent services, comfort, companionship and society from

his father.

WHEREFORE, the Plaintiffs, MICHAEL RALPH and PAULA RALPH, individually

and as husband and wife, and BRANDON RALPH, demand judgment against the

Defendant, CAPE CANAVERAL HOSPITAL, INC., for these damages and all other

damages allowable by law, and demands costs, attorney's fees, interest, and a trial by

jury.

### COUNT X – NEGLIGENCE CLAIM AGAINST DEFENDANT, RALPH P. PAGE, M.D.

107.   Plaintiffs reallege and incorporate by reference the allegations contained

in Paragraphs 1 through  4, 12 through 17, and 24 through 26 , and further allege:

108.   Beginning on or about February 26, 2010, RALPH P. PAGE, M.D., had a

duty to administer care in accordance with the prevailing professional standard of care

for internal medicine physicians in Brevard County, or any other similar medical

community.   Notwithstanding the duties undertaken, RALPH P. PAGE, M.D., did or

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 36

failed to do one or more of the following acts, any of which were departures from the

accepted standards of care in Brevard County, Florida, or any other similar medical

community:

   a)   RALPH P. PAGE, M.D. fell below the standard of care in
        negligently ordering on February 22, 2010 at Cape Canaveral
        Hospital a pharmacy consult to adjust and monitor anticoagulant
        dosing to Michael Ralph;

   b)   RALPH P. PAGE, M.D. negligently ordering Coumadin in the
        amount of 2 mg by mouth at Cape Canaveral Hospital on February
        26, 2010 despite Michael Ralph's medical status;

   c)   Failure to reverse Michael Ralph's INR in a timely fashion on
        admission;

   d)   Failure to administer sufficient fresh frozen plasma and/or Vitamin
        K to timely to reverse Michael Ralph's INR on admission; and

   e)   Failure to provide that level of care, skill, and treatment which, in
        light of all relevant surrounding circumstances, is recognized as
        acceptable and appropriate by reasonably prudent similar
        healthcare providers.

   109.  As a direct and proximate result of the Defendant, RALPH P. PAGE,

M.D.'s negligence, Plaintiff, MICHAEL RALPH, suffered permanent injuries and

sequelae from the overdose.

   110.  Plaintiff, MICHAEL RALPH's claim:  As a result of the Defendants'

negligence, MICHAEL RALPH, suffered permanent bodily injury, disability, physical pain

and suffering, mental pain and suffering, impairment, disfigurement, inconvenience, and

is physically and mentally impaired.  The Plaintiffs claim the reasonable value of

expense of hospitalization, and medical and nursing care, and treatment necessarily or

PDF created with pdfFactory trial version www.pdffactory.com

reasonably obtained by them for Plaintiff, MICHAEL RALPH in the past and future.  The

Plaintiff, MICHAEL RALPH, has incurred past medical expenses and care, lost the

capacity to enjoy life in the past and future, has past, present and future mental pain

and suffering, mental anguish, and has suffered bodily and permanent disability.  He

suffered an aggravation of pre-existing conditions and permanent disfigurement.  The

Plaintiffs have lost the support, services, and earning ability of a permanently and totally

disabled husband.  PAULA RALPH incurred medical expenses for the care of her

husband, and gratuitously provided nursing and attendant care for MICHAEL RALPH

which was necessitated by his injuries.  All of these losses are permanent and

continuing in nature.

111.  Plaintiff, PAULA RALPH's claim:   As a result of the Defendants'

negligence, Plaintiff, PAULA RALPH has been deprived of the consortium of her

husband, Plaintiff, MICHAEL RALPH, including but not limited to, the loss of fellowship,

companionship, society, attentions, services, affection, guidance, comfort and

household services and said losses are permanent and continuing in nature.

Additionally, Plaintiff, PAULA RALPH claims the reasonable value or expense of

hospitalization and medical and nursing care and treatment necessarily or reasonably

obtained by Plaintiff, PAULA RALPH for her husband, Plaintiff, MICHAEL RALPH, in the

past or to be so obtained in the future.

112.  Plaintiff, BRANDON RALPH's claim:  As a result of the Defendants'

negligence and because of the significant permanent injuries to Plaintiff, MICHAEL

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No. 05-2011-CA-47219-XXXX-XX
Page 38

RALPH, which resulted in his permanent total disability, his unmarried dependent son,

Plaintiff, BRANDON RALPH (d/o/b April 1, 1987) asserts claims under Florida Statute

768.0415 for his loss of permanent services, comfort, companionship and society from

his father.

WHEREFORE, the Plaintiffs, MICHAEL RALPH and PAULA RALPH, Individually

and as husband and wife, and BRANDON RALPH, demand judgment against the

Defendant, RALPH P.PAGE, M.D., for these damages and all other damages allowable

by law, and demands costs, attorney's fees, interest, and a trial by jury.

### COUNT XI – VICARIOUS LIABILITY CLAIM AGAINST DEFENDANT. RALPH P. PAGE, M.D., P.A.

113. Plaintiffs reallege and incorporate by reference the allegations contained

in Paragraphs 1 through 4, 12 through 17, and 24 through 26, and further allege:

114. Defendant, RALPH P. PAGE, M.D., P.A. is vicariously liable for the

negligence of its agents, apparent agents, and employees including but not limited to

the Defendant, RALPH P. PAGE, M.D., in that:

a) RALPH P. PAGE, M.D. fell below the standard of care in negligently ordering on February 22, 2010 at Cape Canaveral Hospital a pharmacy consult to adjust and monitor anticoagulant dosing to Michael Ralph;

b) RALPH P. PAGE, M.D. negligently ordering Coumadin in the amount of 2 mg by mouth at Cape Canaveral Hospital on February 26, 2010 despite Michael Ralph's medical status;

c) Failure to reverse Michael Ralph's INR in a timely fashion on admission;

PDF created with pdfFactory trial version www.pdffactory.com

d)      Failure to administer sufficient fresh frozen plasma and/or Vitamin K to timely to reverse Michael Ralph's INR on admission; and

e)      Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

115.   As a direct and proximate result of the Defendant, RALPH P. PAGE, M.D., P.A.'s negligence, Plaintiff, MICHAEL RALPH, suffered permanent injuries and sequelae from the overdose.

116.   Plaintiff, MICHAEL RALPH's claim:   As a result of the Defendants' negligence, MICHAEL RALPH, suffered permanent bodily injury, disability, physical pain and suffering, mental pain and suffering, impairment, disfigurement, inconvenience, and is physically and mentally impaired.   The Plaintiffs claim the reasonable value of expense of hospitalization, and medical and nursing care, and treatment necessarily or reasonably obtained by them for Plaintiff, MICHAEL RALPH in the past and future.   The Plaintiff, MICHAEL RALPH, has incurred past medical expenses and care, lost the capacity to enjoy life in the past and future, has past, present and future mental pain and suffering, mental anguish, and has suffered bodily and permanent disability.   He suffered an aggravation of pre-existing conditions and permanent disfigurement.   The Plaintiffs have lost the support, services, and earning ability of a permanently and totally disabled husband.   PAULA RALPH incurred medical expenses for the care of her husband, and gratuitously provided nursing and attendant care for MICHAEL RALPH

AMENDED COMPLAINT
Ralph v. Walgreen. Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 40

which was necessitated by his injuries. All of these losses are permanent and continuing in nature.

117. Plaintiff, PAULA RALPH's claim: As a result of the Defendants' negligence, Plaintiff, PAULA RALPH has been deprived of the consortium of her husband, Plaintiff, MICHAEL RALPH. including but not limited to, the loss of fellowship, companionship, society, attentions, services, affection, guidance, comfort and household services and said losses are permanent and continuing in nature. Additionally, Plaintiff, PAULA RALPH claims the reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Plaintiff, PAULA RALPH for her husband, Plaintiff, MICHAEL RALPH, in the past or to be so obtained in the future.

118. Plaintiff, BRANDON RALPH's claim: As a result of the Defendants' negligence and because of the significant permanent injuries to Plaintiff, MICHAEL RALPH, which resulted in his permanent total disability, his unmarried dependent son, Plaintiff, BRANDON RALPH (d/o/b April 1, 1987) asserts claims under Florida Statute 768.0415 for his loss of permanent services, comfort, companionship and society from his father.

WHEREFORE, the Plaintiffs, MICHAEL RALPH and PAULA RALPH, Individually and as husband and wife, and BRANDON RALPH, demand judgment against the Defendant, RALPH P.PAGE, M.D., P.A., for these damages and all other damages allowable by law, and demands costs, attorney's fees, interest, and a trial by jury.

PDF created with pdfFactory trial version www.pdffactory.com

AMENDED COMPLAINT
Ralph v. Walgreen, Co., et al.
Case No.: 05-2011-CA-47219-XXXX-XX
Page 41

## COMPLIANCE WITH FLORIDA STATUTE §766.106

As reflected in Paragraph 26, a pre-suit investigation was performed pursuant to

Florida Statute §766.203 and a Notice of Intent to Initiate Litigation against the

Defendants, in accordance with the requirements of Florida Statute §766.106. All

conditions precedent under Chapter 766 have been performed to bring this action.

## DEMAND FOR JURY TRIAL

The Plaintiffs, MICHAEL RALPH and PAULA RALPH, Individually and as

husband and wife, and BRANDON RALPH, hereby demand a trial by jury of all issues

to triable.

DATED this 9th day of March, 2012.

_____
Christian D. Searcy
Florida Bar No.: 159298
Karen E. Terry
Florida Bar No.: 45780
Matthew Schwencke
Florida Bar No: 057132
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone:        (561) 686-6300
Fax:          (561) 383-9441
Attorneys for Plaintiffs

PDF created with pdfFactory trial version www.pdffactory.com