UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL RALPH and PAULA RALPH, Individually and as husband and wife, and BRANDON RALPH,

    Plaintiffs,

vs.

WALGREEN, CO., a foreign corporation, MICHELLE LEWIS, pharmacy technician, RIGOBERTO A. QUIZON, pharmacist, CAPE CANAVERAL HOSPITAL, INC., RALPH P. PAGE, M.D. and RALPH P. PAGE, M.D., P.A.,

    Defendants.
_____/

CASE NO: 6:12-cv-516-Orl-19KRS

## PLAINTIFFS' MOTION FOR REMAND, MOTION FOR ATTORNEYS' FEES AND SUPPORTING MEMORANDUM OF LAW

Plaintiffs, MICHAEL RALPH and PAULA RALPH, Individually and as husband and wife, and BRANDON RALPH, by and through the undersigned attorneys and pursuant to 28 U.S.C. § 1447 move for an Order remanding this action to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida and for an award of attorney's fees and as grounds would state:

1.    This motion is made pursuant to 28 U.S.C. § 1447(c).

2.    Defendants, WALGREEN, CO., a foreign corporation, MICHELLE LEWIS, pharmacy technician, RIGOBERTO A. QUIZON, pharmacist, ("Walgreens Defendants") filed a Notice of Removal on April 2, 2012, removing this case from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.

3.    This Court has no jurisdiction to adjudicate this action. The Plaintiffs are citizens of Florida with their place of residence in Brevard County, Florida. Three

adverse parties, CAPE CANAVERAL HOSPITAL, INC., RALPH P. PAGE, M.D. and RALPH P. PAGE, M.D., P.A. ("Cape Canaveral and Page") are also citizens of the State of Florida. Therefore, complete diversity does not exist and this court does not have diversity jurisdiction over this case under 28 U.S.C. § 1332.

4.     Additionally, the Walgreen Defendants, did not obtain the consent of Cape Canaveral or Page and therefore, the Notice of Removal is procedurally improper. Defendants, CAPE CANAVERAL and PAGE were properly joined and served at the time the Walgreens Defendants filed their Notice of Removal.[1] Indeed, the Florida Defendants had no knowledge the case had been removed and filed their Answers and Affirmative Defenses in state court shortly after the Walgreens Defendants filed their Notice of Removal.[2]

WHEREFORE, Plaintiffs, MICHAEL RALPH and PAULA RALPH, Individually and as husband and wife, and BRANDON RALPH, respectfully request this Court to enter an Order remanding this action to the court from which it was removed and awarding attorney's fees as a sanction for improper removal.

## MEMORANDUM OF LAW

This is an action for pharmacy negligence and medical negligence. The allegations that follow are contained in Plaintiffs' Amended Complaint, which is attached as Exhibit C. Dr. Jos Santz wrote a prescription for 0.5 mg of Coumadin to be taken by Plaintiff, Michael Ralph as directed. See Exhibit C at ¶18. The prescription was delivered to the WALGREENS store located at 1600 Skibo Road, Fayetteville, North

---

[1] See verified returns of Service attached at Composite Exhibit A.
[2] See Answer and Affirmative Defenses filed CAPE CANAVERAL HOSPITAL, INC. and by RALPH P. PAGE, M.D. and RALPH P. PAGE, M.D., P.A. attached as Composite Exhibit B.

Carolina and negligently misfilled by the Walgreens Defendants on or about February 5, 2010. *Id.* WALGREENS gave Plaintiff, MICHAEL RALPH, 5 mg tablets of Coumadin instead of 0.5 mg tablets. *Id.* This resulted in Plaintiff, MICHAEL RALPH, taking a significant overdose of Coumadin. *Id.* Plaintiff took the medication as directed by the Defendant, WALGREENS, from February 5, 2010 through February 22, 2010. Id. at ¶21. Plaintiff, MICHAEL RALPH, was transported to Cape Canaveral Hospital on February 22, 2010 for emergency treatment, where it was discovered that he was urinating blood and had severe back pain. *Id.* The Coumadin overdose caused an epidural hematoma from C4-T10. *Id.*

On admission, the Plaintiff's INR level was very high as were his hemoglobin and hematocrit levels. Id. at ¶24. While at CAPE CANAVERAL HOSPITAL, INC. on February 26, 2010, RALPH P. PAGE, M.D., negligently ordered a pharmacy consult to adjust and monitor anticoagulant dosing to Plaintiff, MICHAEL RALPH. *Id.* at ¶ 25. PAGE and CAPE CANAVERAL negligently administered Coumadin in the amount of 2 mg by mouth at CAPE CANAVERAL HOSPITAL on or about February 26, 2010 despite Plaintiff, MICHAEL RALPH's medical status. *Id.* Had Plaintiff, MICHAEL RALPH been treated in a non-negligent fashion while at Cape Canaveral hospital he would not have sustained permanent injuries. *Id.*

Plaintiffs' Amended Complaint also sets forth claims for loss of consortium on behalf of Paula Ralph, Michael's Ralph's spouse and on behalf of his unmarried dependent son pursuant to Fla. Stat. §768.0415. Plaintiffs Amended Complaint alleges that all conditions precedent to bringing a claim for medical negligence under Fla. Stat. Chapter 766 have been satisfied. *See* Exhibit C at ¶26.

Plaintiffs' Motion For Remand, Motion For Attorneys' Fees And Supporting Memorandum of Law
Ralph v. Walgreen, Co., et al.
Case No.: 6:12-cv-516-Orl-19KRS
Page 4 of 14

Defendants allege in their Notice of Removal that the Florida healthcare provider Defendants (CAPE CANAVERAL and PAGE) were fraudulently joined solely to defeat diversity jurisdiction. The only support for this claim of fraudulent joinder is the fact that Plaintiffs initially filed a Complaint on January 24, 2012 naming only the Walgreens Defendants <u>which was never served</u> and subsequently filed an Amended Complaint on March 9, 2012 adding the Florida healthcare Defendants. Defendants argue that the timing of the Amended Complaint somehow indicates fraudulent joinder, suggesting that Plaintiffs added the Florida Defendants on a whim solely to defeat diversity jurisdiction. This is simply not true. In fact, Plaintiffs had every intention of suing the Florida healthcare providers before filing a Complaint on January 24, 2012. On November 28, 2011, Plaintiffs filed a Petition to Extend the Statute of Limitations by 90 days with respect to the healthcare providers pursuant to Fla. Stat. § 766.104(2) in order to conduct a presuit investigation as required by Florida law.[3] Plaintiffs could not have named the Florida healthcare Defendants in the January 24, 2012 Complaint because the mandatory presuit investigation had not yet concluded.

## I. The law of fraudulent joinder and remand:

Defendants, as the parties seeking removal, have the burden of proving by clear and convincing evidence that the joinder was fraudulent. See *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)[4]; see also, *Katz v. Costa Armatori, S.P.A.*, 718 F.Supp.1508, 1510 (S.D. Fla. 1989); *Lane v. Champion Int'l Corp.*, 827 F.Supp 701, 710 (S.D. Ala. 1003). This heavy burden is placed on the party seeking removal for two

---

[3] The Petition is attached as Exhibit D.
[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981).

reasons. First, in the absence of fraudulent joinder, the "plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his suit in his own way to a final determination." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Second, "[t]he strict construction of the removal statute also prevents 'exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal." *Id.*

In the Eleventh Circuit, only three circumstances support an allegation of fraudulent joinder: (1) where there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant; (2) there is outright fraud in the plaintiff's pleading of jurisdictional facts; or (3) where a resident shares no joint, several, or alternative liability with the non-resident defendants and the claim against the resident defendant has no real connection to the claims against the non-resident defendants. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998). None of the aforementioned circumstances exist in this case.

In both *Triggs* and *Crowe*, the Eleventh Circuit has held, "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the State court." In *Triggs*, court also said, "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs* at 1287 (emphasis in original). *See also Crowe, supra* 113 F.3d at 1541 (stating that the Plaintiff need not be able to survive a motion for summary judgment for the court to find that a reasonable basis exists for predicting that state law

might impose liability on the non-diverse defendant); *Pacheco De Parez v. AT&T*, 139 F.3d 1386, 1380 (11th Cir. 1998) (stating that the fact that the plaintiffs may not ultimately prevail against the resident defendants because of an insufficient causal link between the defendants' actions and the plaintiff's injuries does not mean that the plaintiffs have not stated a cause of action for purposes of a fraudulent joinder analysis). Moreover, the plaintiff's motivation in joining the non-diverse defendant is "not important as long as plaintiff has the intent to pursue a judgment against the defendant." *Triggs*, 154 F.3d at 1291.

Courts in the Eleventh Circuit have gone so far as to say that the district court's authority to look into the merits of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims. *Crowe, Montgomery & Larmoyeux v. Philip Moriris, Inc.*, 992 F.Supp. 1372 (S.D.Fla. 1998); *Tran v. Waste Management, Inc.*, 290 F. Supp. 2d 1286 (M.D.Fla. 2003).

In evaluating a motion for remand, the removing party bears the burden of demonstrating federal jurisdiction. *Triggs*. That burden has been described as a heavy one. *Crowe*. 113 F.3rd at 1538. Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand. *Russell Corp. v. American Home Assurance Company*, 264 F.3d 1040 (11th Cir. 2001). Therefore, this Court need only determine if there exists a possibility Plaintiffs' Complaint states a cause of action or that her claim is not obviously fraudulent or frivolous. In performing this analysis, this court should resolve all questions of fact and controlling substantive law in favor of the Plaintiffs. *Coker v. Amoco Oil Co.*, 709 F.2d

1433 (11th Cir. 1983), superseded by statute on other grounds as stated in 991 F.2d 1533 (11th Cir. 1993). In addition, the court must construe removal jurisdiction narrowly, and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party. *Drossler v. Wyeth-Ayherst,* 64 F.Supp.2d 1265 (S.D. Fla. 1999).

### A. Plaintiffs have a valid cause of action for medical negligence against CAPE CANAVERAL HOSPITAL, INC., RALPH P. PAGE, M.D. and RALPH P. PAGE, M.D., P.A. under Florida law.

Under Florida law, to prevail in a medical malpractice case a plaintiff must establish the following: a standard of care owed by defendant, defendant's breach of the standard of care, and that said breach proximately caused the damages claimed. *See Gooding v. University Hospital Bldg., Inc.,* 445 So. 2d 1015. Plaintiff's Amended Complaint alleges that Cape Canaveral had a duty to provide Plaintiff with medical care and treatment in accordance with the standard of care. The Amended Complaint alleges that Cape Canaveral breached this duty by departing from the standard of care in the following respects: failure to reverse Michael Ralph's INR in a timely fashion; failure to administer sufficient fresh frozen plasma and/or Vitamin K to timely to reverse Michael Ralph's INR; failure to keep its hospital pharmacy from filling Coumadin 2mg for Michael Ralph on or about February 26, 2010; and failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers. *See* Exhibit C at Count V.

Likewise, Plaintiffs Amended Complaint alleges that Page had a duty to administer care to the Plaintiff in accordance with the prevailing professional standard of care for internal medicine physicians in Brevard County and other similar medical

Plaintiffs' Motion For Remand, Motion For Attorneys' Fees And Supporting Memorandum of Law
Ralph v. Walgreen, Co., et al.
Case No.: 6:12-cv-516-Orl-19KRS
Page 8 of 14

communities. The Amended Complaint alleges that Page breached this duty of care by: negligently ordering on February 22, 2010 at Cape Canaveral Hospital a pharmacy consult to adjust and monitor anticoagulant dosing to Michael Ralph; negligently ordering Coumadin in the amount of 2 mg by mouth at Cape Canaveral Hospital on February 26, 2010 despite Michael Ralph's medical status; failing to reverse Michael Ralph's INR in a timely fashion on admission; failing to administer sufficient fresh frozen plasma and/or Vitamin K to timely to reverse Michael Ralph's INR on admission; and by failing to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers. *See* Exhibit C at Count X. The Amended Complaint also contains allegations of vicarious liability and negligent credentialing. However, it is unnecessary to discuss these allegations, as the allegations of medical negligence clearly establish that it is at least possible that a Florida court would find the Amended Complaint states a cause of action.[5] It certainly cannot be said that Plaintiff's Amended Complaint is frivolous, the standard set forth in *Crowe, Montgomery* and *Tran, supra*.

Indeed, Florida's presuit scheme renders it virtually impossible to file a frivolous claim for medical negligence. Any complaint must allege compliance with the statutory conditions precedent to bringing such a claim set forth in Chapter 766, Fla. Stat.[6] *See Kukral v. Mekras*, 679 So. 2d 278 (Fla. 1996)(compliance with presuit provisions set forth in Chapter 766 is a condition precedent to maintaining a cause of action for

---

[5] Indeed the Florida healthcare Defendants have filed Answers to the Complaint rather than attempting to dismiss the complaint for failure to state a cause of action. *See* Exhibit B.
[6] Plaintiffs Amended Complaint alleges compliance. *See* Exhibit C at ¶ 26.

Plaintiffs' Motion For Remand, Motion For Attorneys' Fees And Supporting Memorandum of Law
Ralph v. Walgreen, Co., et al.
Case No.: 6:12-cv-516-Orl-19KRS
Page 9 of 14

medical negligence). Before bringing suit, a claimant must determine whether reasonable grounds exist to believe that a healthcare provider has acted negligently and caused the claimant's injuries. See § 766.203(2), Fla. Stat. As part of this determination, the claimant must obtain a verified written opinion from a medical expert. See § 766.202(5).[7]

### B. There is no outright fraud in the Plaintiffs pleading of jurisdictional facts.

The Walgreens Defendants do not and cannot contend that there is outright fraud in Plaintiffs' pleading of jurisdictional facts. The Notice of Removal concedes that Cape Canaveral and Page are citizens of Florida.

### C. The Florida defendants are joint tortfeasors with the non-resident defendants, and the claims against the Florida defendants are intricately connected with the claims against the non-resident defendants.

Fraudulent joinder may occur where the resident defendant shares no liability with the non-resident defendant or where the claims against the resident defendant shares no connection to the claim against the non-resident defendants. See Triggs, supra. Under Florida law, joint tortfeasors are defined as those who act together in committing wrong, or whose acts if independent of each other, unite in causing a single injury. See Letzter v. Cephas, 792 So. 2d 481, 486 (Fla. 4th DCA 2001); see also, Jackson v. York Hanover Nursing Centers, 876 So. 2d 8 (Fla. 5th DCA 2004)(even if two seemingly independent tortious acts do not precisely coincide in time, the actors can be considered joint tortfeasors if the sequence of their actions produces a single injury); Leesburg Hospital Assn., Inc. v. Carter, 321 So. 2d 433 (Fla. 2d DCA 1975)(finding that

---

[7] Plaintiffs are attaching the expert opinion they obtained in presuit corroborating reasonable grounds to support a claim of medical malpractice against the non-diverse healthcare defendants as Exhibit E. This Affidavit leaves no doubt that the Plaintiffs can and have stated a cause of action against the non-diverse defendants. There simply is no fraudulent joinder.

Plaintiffs' Motion For Remand, Motion For Attorneys' Fees And Supporting Memorandum of Law
Ralph v. Walgreen, Co., et al.
Case No.: 6:12-cv-516-Orl-19KRS
Page 10 of 14

the alleged acts of the hospital and the physician combined to produce a single injury even though the alleged wrongful acts did not precisely coincide with time). Whether or not defendants are joint tortfeasors is normally a question of fact determined by the circumstances of the particular case. See *Letzter*, 792 So. 2d at 486. In this case, Plaintiffs' Amended Complaint alleges that the actions of the Walgreen Defendants, in negligently filling the Coumadin prescription, and the negligent acts of the Florida medical providers from whom Plaintiff sought treatment for the effects of the Coumadin overdose, resulted in permanent injuries to the Plaintiff. Although their actions did not precisely coincide, it certainly cannot be said that there is no connection between the claims asserted against the removing Defendants and the Florida Defendants. Indeed, if the claims against the Walgreens Defendants and the Florida healthcare Defendants (Cape Canaveral and Page) are not tried together, there will be a risk of inconsistent verdicts as each may be able to convince the jury that the injuries were caused by the other. This scenario would cause the Plaintiffs significant prejudice.[8]

**II. Removal was procedurally improper because all of the Defendants did not consent to removal.**

It is well settled that all defendants must consent to removal to federal court. *Smith v. The Health Center of Lake City, Inc.*, 252 F.Supp.2d 1336, 1339 (Fla. M.D. 2003)(citing *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001)); *Harbour Light Towers Assn., v. Ameriflood LLC*, 2011 WL 2517222, *5 (M.D. Fla. June 23, 2011)(citing *Smith, supra*). This requirement is referred to as the

---

[8] In their Notice of Removal, the Walgreens Defendants suggest that if this case is not remanded, Plaintiffs will not be prejudiced because they will still be able to pursue their claims against the Co-defendants in state court. Not only is this argument unfounded, prejudice is not a standard by which courts determine the existence of fraudulent joinder and whether or not a case should be remanded to state court.

unanimity rule. This unanimity rule must be strictly interpreted and enforced. *Id.* If all the defendants do not consent to removal, this constitutes a defect in the removal procedure under 28 U.S.C. 1447(c), and remand is appropriate. *Id.* In this case, the Notice of Removal does not state that all defendants consent to removal, nor have any separate written consents been filed. It is quite clear on its face that the Florida Defendants (Cape Canaveral and Page) did not even know the action had been removed as they filed Answers to Plaintiffs Amended Complaint in State Court, subsequent to removal. *See* Exhibit B. Counsel for the Florida Defendants (Cape Canaveral and Page) have since confirmed that they did not consent to removal.

There are some exceptions to the unanimity requirement, none of which apply to this case. One exception is that the non-consenting defendants have not been served. *See English v. Unum Life Ins. Co.*, 2010 WL 3269794, *4 (M.D. Fla. June 21, 2010). This exception is not applicable. *See* returns of service with respect to the Florida Defendants attached as Exhibit A. Another exception applies to defendants who have been fraudulently joined. *Id.* As Plaintiffs have set forth above, the Florida defendants have not been fraudulently joined. A third exception arises when the non-consenting defendants are only nominal or formal parties. *Id.*[9] The Walgreens Defendants have not suggested that Canaveral or Page are merely nominal defendants, nor would such an assertion pass muster. Courts examining the nominal defendant exception have defined the term in varying ways. Many cite to Black's Law Dictionary which defines a nominal defendant as a "party who, having some interest in the subject matter of a

---

[9] A fourth exception which is not applicable to this case exists where removal is based upon 28 U.S.C. 1441(c) (joinder of federal claims and state law claims).

Case 6:12-cv-00516-PCF-KRS Document 9 Filed 04/27/12 Page 12 of 14 PageID 94

Plaintiffs' Motion For Remand, Motion For Attorneys' Fees And Supporting Memorandum of Law
Ralph v. Walgreen, Co., et al.
Case No.: 6:12-cv-516-Orl-19KRS
Page 12 of 14

lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects." See *Career Network Inc., v. WOT Services*, 2011 WL 397906, *2 (2011 WL 397906 (M.D. Feb 3, 2011). Another test is to ask if the defendant's "role in the lawsuit is that of a depository or stakeholder" or to determine whether the "court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff" in the absence of that defendant. *Id.* (citing *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349, Int'l Printing Pressmen and Assistants' Union of N.A.*, 427 F.2d 325, 327 (5th Cir.1970). Other definitions include "those against whom no real relief is sought." See *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002). Finally, nominal defendants have been described as those for which there is no reasonable basis for predicting they will be held liable. See *Shaw v. Dow Brands*, 994 F.2d 364,369 (7th Cir. 1993). None of the aforementioned definitions of nominal party accurately describe the non-consenting defendants in this case. Therefore, the nominal party exception to the unanimity rule does not apply.

### III. Attorney's fees sanction

Section 28 U.S.C. 1447 (c) provides an order of remand may require payment of attorney's fees incurred as a result of the removal. This award is within the sound discretion of the court. There need not be a finding of bad faith as a predicate to awarding fees since the intent of §1447 is to reimburse plaintiffs who have incurred expenses in seeking remand of improper removals. *Martyak v. Martyak*, 378 F.Supp.2d 1365 (S.D.Fla. 2005). Defendants' Notice of Removal is without merit. It was filed prematurely and warrants sanction upon remand.

Plaintiffs' Motion For Remand, Motion For Attorneys' Fees And Supporting Memorandum of Law
Ralph v. Walgreen, Co., et al.
Case No.: 6:12-cv-516-Orl-19KRS
Page 13 of 14

## CONCLUSION

The Eleventh Circuit imposes a heavy burden upon one seeking to remove a case between two patently non-diverse litigants on fraudulent joinder grounds. Defendants have failed to meet this burden. Defendants have also failed to satisfy the unanimity rule by failing to obtain the consent of all defendants prior to removal. Defendants' attempt to create jurisdiction in this Court where none exists should be rejected. Remand with an award of attorney's fees is appropriate and warranted.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that pursuant to Local Rule 3.01(g), counsel for the movant has conferred with opposing counsel in order to make a good faith effort to resolve the issues raised in this motion and counsel was not agreeable to any such resolution.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail with the Clerk of the U.S. Middle District Court by using the CM/ECF and U.S. Mail to all counsel on the attached list, this 27th day of April, 2012.

/s Karen E. Terry
Karen E. Terry
Florida Bar No.: 45780
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone:   (561) 686-6300
Fax:   (561) 383-9441
Attorneys for Plaintiff(s)

Plaintiffs' Motion For Remand, Motion For Attorneys' Fees And Supporting Memorandum of Law
Ralph v. Walgreen, Co., et al.
Case No.: 6:12-cv-516-Orl-19KRS
Page 14 of 14

## COUNSEL LIST

Arthur J. Laplante, Esquire
Hinshaw & Culbertson LLP
One E Broward Blvd., Suite 1010
Fort Lauderdale, FL 33301
Phone: (954) 375-1137
Fax: (954) 467-1024
Attorney for Walgreen Co., Michelle Lewis and Rigoberto Quizon

Jennings L. Hurt, III, Esquire
Karissa L. Owens, Esquire
Rissman, Barrett, Hurt, Donahue & McLain, P.A.
201 E Pine STreet, 15th Floor
Orlando, FL 32802-0120
Phone: (407) 839-0120
Fax: (407) 841-9726
Attorney For: Cape Canaveral Hospital, Inc.

Robert D. Henry, Esquire
Ringer, Henry, Buckley & Seacord, P.A.
14 E. Washington Street, Suite 200
Post Office Box 4922
Orlando, FL 32802-4922
Phone: (407) 841-3800
Fax: (407) 841-3855
Attorney For: Ralph P. Page, M.D. and Ralph Page, M.D., P.A.